**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

Clive Campbell              CV 12 - 2179
                            Index #: _____

                Plaintiff,
                            AMON, CH.J.
                                    **VERIFIED COMPLAINT**

    -against-              BLOOM, M.J

NEW YORK CITY,
N.Y.C. POLICE DEPARTMENT, Commissioner,
N.Y.C. DEPARTMENT OF CORRECTION, Commissioner,
L.I.U. Long Island University Hospital Brooklyn Campus,
POLICE OFFICER OMAR RACKOFF, 77th Precinct,
POLICE SERGEANT MICHAEL MALONE, 77th Precinct,
JOHN DOE # 1, Long Island University attending Physician,
JOHN DOE # 2, Rikers Island Prison attending physician,
JOHN DOE # 3, Intake Rikers Island Correction Officer,
                                Defendants,
------------------------------------------------------------------x



RECEIVED
MAY - 1 2012
PRO SE OFFICE

I, Clive Campbell, a sovereign divine being- standing on my own behalf and asserting all Constitutional rights therein and complaining of the defendants allege that the defendants, acting under the "color of state law" did deny me Medical assistance and care for my late stage glycoma causing aggravation of my preexisting condition. The complained of acts, occurrences and omissions are in violation of the 8th Amendment to the United States of America Constitution; that these acts, occurrences and omissions by the defendants acting under the "color of state law" did deny equal protection of the law and rights guaranteed by the 8th amendment to the United States of America Constitution. The Federal Court has subject matter jurisdiction and these acts, occurrences and omissions occurred in the Eastern District of New York in Kings County and that I, Clive Campbell, file this action pursuant to 42 USC 1983, Federal Rules of Civil Procedure, District Court Case law precedence, New York State Constitution and the United States of America Constitution making the following complaint:

## AS AND FOR A FIRST CAUSE OF ACTION

1. I, Clive Campbell was denied proper medical attention and denied the equal protection of the law by defendant Police Officer Omar Rackoff who was the arresting officer on my arrest on March 16, 2012;
2. that on March 16, 2012 Police Officer Omar Rackoff removed two Glycoma drops from my possession and never vouchered them or return them to me;

3. that I, Clive Campbell told Police Officer Omar Rackoff that I could not go without my drops and that the law required that he return my drops; he told me that he is the law and refused to give the drops back to me;
4. that Police Sergeant Michael Malone also refused to give the two drops to I, Clive Campbell denying me medical attention and care; Police Sergeant Michael Malone also denied me the equal protection of the law by not safeguarding my personal property and conspiring with Police Officer Omar Rackoff in stealing my Mercedes Benz key Chain;
5. that additionally, Police Officer Omar Rackoff stole my Mercedes Benz Key Chain denying me the equal protection of the law by not safe guarding my personal property and denying me medical attention and care; Police Officer Omar Rackoff is presently being investigated by the Internal Affairs Division;
6. That after being in the custody of Police Officer Omar Rackoff and the Police Department (commissioner) for over six hours, this plaintiff had still not been given medical care and my mandatory required eye drops;

## AS AND FOR SECOND CAUSE OF ACTION

7. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs numbered "1" through "6" with the same force and effect as if more fully set forth at length herein.
8. the aforementioned occurrences took place due to the willful, wanton, malicious and negligent acts and/or omissions of the defendants and the employees, agents, servants and/or licensees of defendants, all of whom were acting within the scope of their authority and did violate plaintiff's civil rights;
9. that the acts complained of herein constitute wanton disregard and negligence and did cause I Clive Campbell to suffer pain and further damage to my eyes;
10. that because of the above stated occurrence, plaintiff was caused to suffer additional damage to his eyes and to have sustained injuries and to have suffered mental and emotional anguish; that these injuries and their effects are continuing; as I, Clive Campbell has late stage Glycoma and cannot be made to miss my drops for any reason;
11. that on March 16, 2012, I, Clive Campbell had both drops in my possession at the time of my arrest and that Police Officer Omar Rackoff and Sergeant Michael Malone did remove them from my possession and never returned them thus violating my right to medical attention and care;
12. that Police Officer Omar Rackoff and Police Sergeant Michael Malone transferred I, Clive Campbell to Central Booking and did not transfer or voucher my eye drops causing aggravation to my preexisting condition;
13. that on March 18, 2012, I, Clive Campbell was taken to Long Island University Hospital by Ambulance and that my eyes, at that time were flaming red and have remained so to the present;
14. that the Police Department (commissioner) did not properly train these servants who refused to take I, Clive Campbell to the Veteran Hospital where I, Clive Campbell receive my primary eye care and which is aware of the seriousness of my condition;

15. that at Long Island University Hospital the attending physician (JOHN DOE # 1) refused to contact the Veteran Hospital to find out the medication I was prescribed and did prescribe me the wrong medication causing further damage to my eyes;
16. that no one filled the prescription given by (JOHN DOE # 1) from Long Island University Hospital and that it was at that time from March 16, 2012 to March 18, 2012 that I had been without my Glycoma drops and proper medical attention and care;
17. that the City of New York failed to supervise, properly train these servants who failed to protect my right to have medical care and to be able to keep my drops that were taken by Police Officer Omar Rackoff and Police Sergeant Michael Malone;
18. that the Police Department (commissioner) failed to make it known that detainees are entitled to have their needed medication in their possession and that if they did, Police Officer Omar Rackoff and Sergeant Michael Malone chose to ignore them maliciously;
19. that in the past in the 77th Precinct, this plaintiff was allowed to keep these same drops in his possession by order of the arresting officer and the supervising sergeant.;
20. that the acts by Police Officer Omar Rackoff was malicious as this same officer stole my Mercedes Benz Key Chain and failed to voucher several items that I Clive Campbell had in my possession;
21. that the acts by Police Sergeant Michael Malone was malicious as he should have known the importance of a detainee keeping possession of his Glycoma drops and receiving the proper medical attention and care because other Supervising Sergeants in the same precinct have allowed plaintiff to keep the same drops on prior detention;

## AS AND FOR A THIRD CAUSE OF ACTION

22. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs numbered "7" through "21" with the same force and effect as if more fully set forth at length herein
23. the aforementioned occurrences took place due to the willful, wanton, malicious and negligent acts and/or omissions of the defendants and the employees, agents, servants and/or licensees of defendants, all of whom were acting within the scope of their authority and did violate plaintiff's civil rights.
24. that the acts complained of herein constitute wanton disregard and negligence and did cause I Clive Campbell to suffer pain and further damage to my eyes;
25. that because of the above stated occurrence, plaintiff was caused to suffer additional damage to his eyes and to have sustained injuries and to have suffered mental and emotional anguish; that these injuries and their effects are continuing as I, Clive Campbell has late stage Glycoma and cannot be made to miss my drops for any reason;

26. that on March 18, 2012 I, Clive Campbell was transferred to Rikers Island Prison where I still was denied my eye drops by the Department of Corrections (commissioner);
27. that in the Intake Room at Rikers Island Prison, I told the attending Correction Officer (JOHN DOE # 3) that I must have my drops as required by the Patience Bill of Rights; at this time my eyes were burning red and I Clive Campbell was having difficulty focusing my eyes;
28. that I Clive Campbell was assigned a cell by JOHN DOE # 3 and had still not seen a doctor as my eyes continued to deteriorate;
29. that the Department of Corrections (commissioner) at Rikers Island failed to give I, Clive Campbell adequate medical care and did cause further harm to my preexisting Glycoma condition by failing to properly supervise and train the officers;
30. that the Department of Corrections (commissioner) at Rikers Island failed to properly supervise, train and instruct officers about detainee care; the officers could have taken I, Clive Campbell to the Veteran Hospital to ensure that I received the proper care in regards to my serious condition, but instead chose to put me in a cell for the night without my drops or any form of medical attention and care;
31. that I, Clive Campbell had now gone from March 16, 2012 to March 19, 2012 without my drops and my eyes were blood red and I was having difficulty focusing my vision;
32. at approximately 10 am on March 19, 2012, I Clive Campbell was taken to the Rikers Island Infirmary where I asked the attending physician (JOHN DOE # 2) to call the Veteran Hospital to get the correct medication for my eyes and at which time the physician (JOHN DOE # 2) said Long Island University Hospital had issued a prescription. I told the physician (JOHN DOE # 2) that one eye drop issued by Long Island University Hospital was not the correct medication and that only one medication was the correct one;
33. at that time, the Rikers Island Physician (JOHN DOE # 2) insisted that I take the wrong drops which caused my eyes further discomfort and caused my eyes to remain permanently red to the present date;
34. I Clive Campbell was forced to take this wrong medication from March 19, 2012 until March 24, 2012 when I made bail around 2 pm.;
35. that on March 24, 2012 at approximately 5 p.m. I Clive Campbell arrived home and took my correct drops but my eyes remain permanently red and my vision has gotten worst;
36. the aforementioned occurrences took place while defendants were acting under the "color of state law" and in malicious, wanton, negligible wrongs against I, Clive Campbell and did in fact cause the resultant injury to my eyes;
37. the aforementioned occurrence took place while defendants were acting under "color of state law" and in willful, wanton, malicious and negligible disregard for the laws governing detainees' medical rights and the patient's Bill of Rights and did deny I Clive Campbell the equal protection of the law and proper medical attention and care; these acts, occurrences, omissions and violations denying I,

Clive Campbell a right guaranteed by the United States of America Constitution and the laws governing detainees' medical care;

38. the aforementioned occurrence and the resulting injury thereof were due to and caused by the joint, several and concurrent acts, omissions of the defendants, their agents, servants, employees and/or licensees in careless, malicious, wanton, negligent and reckless disregard for the civil rights of I, Clive Campbell;
39. because of the above, plaintiff Clive Campbell was caused to sustain aggravated injuries to both his eyes and continue to experience pain and suffering as well as emotional and mental anguish as I have permanent redness in both eyes and have difficulty focusing; that these injuries and their effects still continue and as a result of said injuries I, Clive Campbell has been caused to incur additional damage to both eyes;
40. this action falls within the rules set forth under the New York State Constitution, Federal Rules of Civil Procedures, District Court Case law precedence, New York State Patient Bill of Rights and the United States of America Constitution which plaintiff herein asserts;
41. as a result of the foregoing, I, Clive Campbell have been damaged and denied a right to equal protection of the law and the right to medical attention and care under the 8th Amendment to the United States of America Constitution;

I Clive Campbell demand these defendants be held financially liable in the amount of $24,000,000.00 dollars, plus punitive damages in the amount of $1,000,000.00 dollars;

**WHEREFORE**, Plaintiff demands judgment against defendants, who caused him to be denied medical attention and care thus aggravating is preexisting late stage Glycoma on the first cause of action in the amount of $24,000,000.00 dollars; Plaintiff demands judgment against defendants, who caused him to go 8 days without the proper eye drops for his preexisting Glycoma condition thus aggravating it on the second cause of action in the amount of $24,000,000.00 dollars; Plaintiff demands judgment against defendants, who caused the theft of his Mercedes Benz Key Chain denying equal protection under the law and refused to take him to the proper medical facility (Veteran Hospital) on the third cause of action in the amount of $24,000,000.00 dollars plus punitive damages in the amount of $1,000,000.00 dollars.

This together with the costs for disbursements for this action. I, Clive Campbell demand a **JURY TRIAL**.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.**

DATED: BROOKLYN, NEW YORK

MAY 1, 2012

Clive Campbell (propari persona)
23 Palm Court
Brooklyn, New York 11225
(718) 915-9290



## ADDRESS FOR DEFENDANTS

NEW YORK CITY
CORPORATION COUNSEL OF THE
CITY OF NEW YORK
100 CHURCH STREET
NEW YORK, NEW YORK 10007

N.Y.C. POLICE DEPARTMENT
1 POLICE PLAZA
NEW YORK, NEW YORK 10038

N.Y.C. DEPARTMENT OF CORRECTIONS
75-20 ASTORIA BLVD
EAST ELMHURST, NEW YORK 11370

LONG ISLAND UNIVERSITY HOSPITAL
339 HICKS STREET
BROOKLYN, NEW YORK 11201

POLICE OFFICER OMAR RACKOFF
77TH PRECINCT
127 UTICA AVENUE
BROOKLYN, NEW YORK 11213

POLICE SERGEANT MICHAEL MALONE
77TH PRECINCT
127 UTICA AVENUE
BROOKLYN, NEW YORK 11213

JOHN DOE # 1
339 HICK STREEET
BROOKLYN, NEW YORK 11201

JOHN DOE # 2
OTIS BANTUM CORRECTION CENTER
19-19 HAZEN STREET
EAST ELMHURST, NEW YORK 11370

JOHN DOE # 3
OTIS BANTUM CORRECTION CENTER
19-19 HAZEN STREET
EAST ELMHURST, NEW YORK 11370