ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

Clive Campbell

Index #: **12 CV 2179 (CBA) LB)**

Plaintiff,

**PROPOSED AMENDED**
**VERIFIED COMPLAINT**

-against-

NEW YORK CITY,
POLICE OFFICER OMAR RACKOFF, 77th Precinct,
POLICE SERGEANT MICHAEL MALONE, 77th Precinct,
JOHN DOE # 1, Long Island University attending Physician,
JOHN DOE # 2, Rikers Island Prison attending physician,
JOHN DOE # 3, Rikers Island Correction Officer,

Defendants,
------------------------------------------------------------------------x



## PROPOSED AMENDED COMPLAINT OF THE INSTANT ACTION

Per the Court directive plaintiff submits the following amended complaint to clarify claims made against defendants and after due consideration plaintiff realizes the enormity of prosecuting a conspiracy claim for retaliation against the defendants and others, plaintiff have decided to withdraw the retaliation allegations; additionally, Corporation Counsel identified a Officer Geoffrey Lewis, Shield # 13356, New York City Department of Correction, Brooklyn Detention Complex as JOHN DOE # 3. It clearly states in the caption and in the complaint that JOHN DOE # 3 is the Rikers Island Intake Officer at the OBCC Facility on Rikers Island. Furthermore, plaintiff is willing to further amend to include claims of violation against Officer Geoffrey Lewis fore his role in the denial of adequate medical care also, but at this time await the identity of JOHN DOE # 3. Plaintiff amends as follows:

I, Clive Campbell, a sovereign divine being- standing on my own behalf and asserting all Constitutional rights therein and complaining of the defendants allege that the defendants, acting under the "color of state law" did deny plaintiff adequate medical care for a preexisting late stage glaucoma disability causing aggravation, future harm, dizziness and fainting and continued pain and suffering to date. The complained of acts, occurrences and omissions are in violation of the 8th Amendment and the 14th Amendment protection guaranteed by the United States of America Constitution. These act, occurrences and omissions by the defendants, acting under the "color of state law, did deny plaintiff adequate medical care in his need for care for his preexisting glaucoma condition. Additionally, plaintiff seek supplemental jurisdiction to hear the state tort claims of malpractice and negligence against medical personnel, police officers and correction officers in that in there deliberate indifference, negligence and malpractice they were in

breach of their duty to give plaintiff adequate medical care in that the defendants owed plaintiff a duty of care, that defendants breached that duty, that defendants caused harm to plaintiff eyes presently and in the future and that plaintiff has been damaged and caused to suffer pain and discomfort. Defendants, entrusted with care for medical needs, did not exercise reasonable care, showed deliberate indifference and failed to meet established professional standards of doing their work.

The Federal Court has subject matter jurisdiction and these acts, occurrences and omissions occurred in the Eastern District of New York in Kings County and that I, Clive Campbell, file this action pursuant to 42 USC 1983, Title 11 of the American with Disabilities Act, 42 USC section 12131 in that plaintiff is a disabled veteran receiving disability for a preexisting condition and that defendants discriminated in its deliberate indifference to plaintiffs condition and care, New York State Constitution and the United States of America Constitution making the following complaint:

## <u>AS AND FOR A FIRST CAUSE OF ACTION</u>

1. I, Clive Campbell was denied adequate medical care by defendant Police Officer Omar Rackoff who was the arresting officer on March 16, 2012. That Police Officer Omar Rackoff demonstrated depraved deliberate indifferent to the medical needs of plaintiff when he removed plaintiffs glaucoma drops and denied plaintiff any alternative medical care and was in violation of state and federal law. Furthermore, at no time did Police Officer Omar Rackoff interview plaintiff, per standard police procedure, whom he arrested, to ascertain if plaintiff was in need of medical care or had any pertinent information regarding the criminal matter; even though he had plaintiff's eye drops in his possession he never ascertained if plaintiff was in need of medical care; Police Officer Omar Rackoff spelled plaintiff's name incorrectly on the criminal complaint and never asked plaintiff any questions thus deviating from standard procedures outlined by the Police Department and the City of New York. Police Officer Omar Rackoff was negligent in his act, occurrences and omissions and in dereliction of his professional duty to care for plaintiff who was in his custody; That even though plaintiff repeatedly asked to speak to the arresting officer, Police Officer Omar Rackoff refused to attend to the medical needs of plaintiff and showed depraved deliberatel indifferent to the medical needs of plaintiff; furthermore, Police Officer Omar Rackoff was malicious in his acts, occurrences and omissions in that he stole plaintiffs personal property which demonstrates his depravity;

2. That on March 16, 2012, Police Officer Omar Rackoff took two glaucoma drops from plaintiff's possession, never vouchering them and never allowed plaintiff to use the drops during a 6 hour stay in the 77th prescient, even though plaintiff repeated requested medical care; Police Officer Omar Rackoff demonstrated depraved deliberate indifference to plaintiff's medical needs thus causing further pain and suffering to plaintiff;

3. that, I, Clive Campbell told the turn key officer at the 77th prescient holding cell to let Police Officer Omar Rackoff know that I could not go without my drops and

that I was a disabled veteran and that I required adequate medical care for a condition that was very critical to my eye sight and well being; Police Officer Omar Rackoff showed depraved deliberate indifference to the medical care of plaintiff and was negligent in his professional duty has standardized by the American Correctional Association. Police Officer Omar Rackoff was aware of the seriousness of plaintiff's condition and intentionally and depravedly acted in a negligent manner;

4. that Police Sergeant Michael Malone also refused to give plaintiff adequate medical care and was negligent in his duty as a supervisor and is supervisory liable for the damages, physical and emotional pain and suffering by plaintiff; Police Sergeant Michael Malone showed depraved deliberate indifferent to the medical needs of plaintiff when notified that plaintiff could not go without his drops; that during other detention at the 77th prescient, even as recently as November 17th 2012 when plaintiff was arrested, plaintiff was given adequate medical care by the supervisor who allowed plaintiff's drops to be administered while in detention at the 77th prescient; **(this is a separate arrest from the arrest involving the instant action on March 16, 2012.)**

5. that Police Officer Omar Rackoff's depraved deliberate indifference is demonstrated by his failure to interview the person he arrested and that Police Officer Omar Rackoff stole plaintiff's personal property which he never vouchered or returned; Police Officer Omar Rackoff was investigated by the New York Police Department Internal Affairs Division;

6. that after being in the custody of Police Officer Omar Rackoff and the Police Department at the 77th Prescient for over 6 hours, plaintiff had not received any medical care much less adequate medical care of any fashion; thus these two defendants showed depraved deliberate indifference and were negligent in their professional duty to care for a detainee and a disabled war veteran;

## <u>AS AND FOR SECOND CAUSE OF ACTION</u>

7. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs numbered "1" through "6" with the same force and effect as if more fully set forth at length herein.

8. the aforementioned occurrences took place due to the willful, wanton, malicious, depraved deliberate indifference and negligent acts/omissions of Police Officer Omar Rackoff and Police Sergeant Michael Malone who were acting outside the scope of their duty to afford plaintiff adequate medical care and did violate plaintiff 8th Amendment right to be free from cruel and unusual punishment and the 14th Amendment due process right to adequate medical care and care under Title 11of the Americans with disabilities Act;

9. that the acts complained of herein constitute depraved deliberate indifference and negligence in the medical care of plaintiff and did cause plaintiff to suffer pain, emotional trauma and future damage to his eyes;

10. that because of the above stated acts, occurrence and omissions plaintiff was caused to suffer pain, suffering, damage, future damage and emotional trauma; that these injuries and their affects continue in that on or about February 4th 2013

plaintiff passed out because of dizziness, headaches, blurred vision and difficulty seeing and had to be taken to Kings County Hospital Emergency Room for treatment;

11. that on March 16, 2012, plaintiff had the required medication for his condition in his possession and that defendants were aware of the medicine that plaintiff required and failed to give plaintiff adequate medical care; defendants should have brought the correct drops plaintiff had in his possession to the Emergency Room at Long Island University Hospital and there would never have been any confusion about the correct medication for plaintiff's condition; thus defendants showed depraved deliberate indifference to the medical needs of plaintiff;

12. that plaintiff was transferred from the 77th Prescient without being interviewed by Police Officer Omar Rackoff to ascertain the medical needs of plaintiff and when Police Officer Omar Rackoff did fingerprint and give plaintiff a telephone call, he refused to discuss plaintiff's medical needs exhibiting depraved deliberate indifference to the medical needs of plaintiff and was negligent in his professional duty to afford plaintiff adequate medical care as standardized by the American Correction Association and the American with Disabilities Act by discriminating against plaintiff because he personally thought plaintiff was a domestic abuser;

13. that Police Sergeant Michael Malone, in his supervisory capacity, failed to follow the standards set in the care and needs of detainees and that Police Sergeant Michael Malone showed depraved deliberate indifferent to the medical needs of plaintiff and was negligent in his professional duty to afford plaintiff adequate medical care as standardized by the American Correction Association and the American with Disabilities Act by discriminating against plaintiff because he personally thought plaintiff was a domestic abuser; both these defendants were present during plaintiff's arrest and was privy to the false report made by the complainant in the criminal arrest on March 16, 2012;

14. that on March 18, 2012 plaintiff was taken to Long Island University Hospital by ambulance; that this was approximately 48 hours without being afforded adequate medical care by the defendants; this causing plaintiff to have permanent damage to his eyes and a worsening of his glaucoma condition and plaintiff eyes have progressively gotten worse culminating in on or about February 4, 2013 plaintiff passed out experiencing dizziness, blurred vision and difficulty seeing; that Long Island University Hospital prescribed the wrong medication to plaintiff and if defendant Police Officer Omar Rackoff and Police Sergeant Michael Malone had not showed depraved deliberate indifferent to the medical needs of plaintiff, then they would have maintained possession of the drops in plaintiff's possession to make sure Long Island University Hospital prescribed the correct medication;;

15. that the City of New York has failed to train the Police Department and the Correction Department in the standardized treatment for prisoners as outlined by the American Correction Association and the American with Disabilities Act and did cause plaintiff pain and suffering; that the City of New York has a inadequate policy for the adequate medical care of prisoners;

16. that Long Island University Hospital attending physician is in malpractice and was in negligence of his professional duty to ascertain if plaintiff was being given the right medication and if plaintiff was allergic to this medication; that the

attending physician at Long Island University Hospital committed malpractice by not consulting with the United States Veteran Hospital to ascertain if the medication being prescribed was correct or if plaintiff was allergic to the medication; that Long Island University Hospital's attending physician failed to administer any medication to plaintiff thus denying plaintiff adequate medical care and only offered a prescription to be filled by defendants;

17. that the defendants failed to fill the prescription and further denied plaintiff adequate medical care and timely medical care thus causing further damage to plaintiffs eye and causing plaintiff to experience extreme pain and suffering and future damage to plaintiff's eyes culminating in plaintiff passing out on or about February 4th 2013 and had to go Kings County Emergency Room for dizziness, blurred vision and difficulty seeing; that by refusing to full the prescription defendants showed deliberate indifference to the medical needs of plaintiff; that from March 16th 2012 to March 18th 2012 plaintiff was made to miss his mandatory glaucoma eye drops and adequate medical care by defendants in a timely manner;

18. that the City of New York has a policy that denied plaintiff adequate medical care; that defendants use intimidation, discrimination and the threat of a long extended stay in the court system in denying plaintiff adequate medical care; correction procedures as standardized by the American Correctional Association allows that prisoners in custody are entitled to adequate medical care. Pre-trial or pre-sentence inmates have 8th Amendment protection through the 14th amendment due process clause. Inmates should have access to all necessary medical treatment, including emergency, mental health, dental and eye care; Courts have held that an adequate medical system will conduct an initial health screening of inmates; at no time was a initial health screening done at the 77th Prescient as Police Officer Omar Rackoff never interviewed plaintiff;

19. that in the past in the 77th Precinct, this plaintiff was allowed to keep these same drops in his possession by order of the arresting officer and the supervising sergeant.; thus it is obvious there is no set policy that address adequate medical care of prisoners in the custody of the City of New York at the 77th precinct and that both Police Officer Omar Rackoff and Sergeant Michael Malone acted with depravity;

20. that the acts by Police Officer Omar Rackoff showed deprave deliberate indifference bordering on maliciousness as Police Officer Omar Rackoff stole plaintiff's property which he never vouchered or return to date;

21. that the acts by Police Sergeant Michael Malone showed depraved deliberate indifference and was negligence of his professional duty to afford plaintiff adequate medical care as outlined by the American Correctional Association and the Americans with Disabilities Act;

22. that the defendants should have known the importance of plaintiff getting his glaucoma drops in a timely fashion as plaintiff repeatedly told defendants that his condition was dire and that missing the drops could cause permanent damage; defendants showed depraved deliberate indifferent to plaintiff's pleas for medical care and caused plaintiff to suffer pain, damage, future damage and emotional trauma by not giving plaintiff timely medical care;

## AS AND FOR A THIRD CAUSE OF ACTION

23. Plaintiff repeats and re-alleges each and every allegation set forth above in
paragraphs numbered "7" through "22" with the same force and effect as if more
fully set forth at length herein

24. the aforementioned occurrences took place due to the willful, wanton, depraved
deliberate indifference and negligent acts and/or omissions of all the defendants
and the employees, agents, servants and/or licensees of defendants and all of them
whom were acting within the scope of their authority and under the color of state
law;

25. that the acts complained of herein constitute wanton, malicious, depraved
deliberate indifference and negligence in carrying out their professional duty to
afford plaintiff adequate medical care and did cause plaintiff extreme suffering,
pain, damage and future damage to plaintiff's eyes and did cause him emotional
trauma;

26. that at approximately 10 pm on March 18th 2012, plaintiff was transferred to
Rikers Island Prison at the OBCC Facility still haven't been given adequate
medical care in the form of the required timely eye drops that plaintiff is
mandated by doctors to take (3) three times per day for the rest of plaintiff's life;

27. that in the intake room at Rikers Island Prison at the OBCC Facility, in violation
of American Correctional Association standards plaintiff was denied adequate
medical care by Correction Officer JOHN DOE # 3 who when plaintiff told him
that he was in dire need of his medicine and that he was experiencing blurred
vision, dizziness and blood shot redness of his eyes, which were visible for all to
observe, JOHN DOE # 3 showed depraved deliberate indifference to the medical
needs of plaintiff; that there is an initial intake health screening that is required at
Rikers Island Prison at the OBCC Facility and all Correctional Facilities and that
an inmate cannot be housed until this initial intake health screening is done; that
JOHN DOE # 3 denied plaintiff adequate medical care, showed depraved
deliberate indifference and was negligent in the performance of his professional
duty to make sure plaintiff was screened and afforded adequate medical care; that
plaintiff was caused to suffer pain, damage, future damage and emotional trauma;

28. that plaintiff was assigned to a housing unit by JOHN DOE # 3 without the
requisite prescreening by medical personal at Rikers Island Prison at the OBCC
Facility; plaintiff was denied adequate medical care and even though there is a
sick call procedure, plaintiff had to wait, in pain, till the following morning to see
a doctor, thus plaintiff was denied timely adequate medical care and was caused
to suffer pain, damage, future damage and emotional trauma;

29. that I Clive Campbell was assigned a cell and a bed by JOHN DOE # 3 and had
still not seen a doctor in violation of standard procedure as outlined by the
American Correctional Association as my eyes continued to deteriorate; that
defendant New York City failed to provide adequate staff to afford a doctor on
call when plaintiff arrived at Rikers Island Prison at the OBCC Facility where no
doctor was on duty; that JOHN DOE # 3 was not properly trained and should
have sent plaintiff to the emergency room at Elmhurst Hospital Center instead of

denying plaintiff adequate medical care by sending him to a cell unattended by a physician; thus JOHN DOE # 3 showed depraved deliberate indifferent to plaintiff's medical needs in violation of the standards set by the American Correctional Association and the American with Disabilities Act;

30. that the City of New York has a policy in place at the Department of Correction Rikers Island at the OBCC Facility that failed to afford plaintiff adequate medical care wherein JOHN DOE # 3 sent an inmate to a cell block without seeing an attending physician at intake; that the City of New York failed to provide adequate staff to afford plaintiff adequate medical care on Rikers Island at the OBCC Facility;

31. that it had now been from March 16, 2012 to March 19, 2012 that plaintiff had been denied adequate medical care and that plaintiff was experiencing extreme pain and suffering and that plaintiff's eyes were deteriorating and was blood red where it was apparent that damage was being done to his eyes; that plaintiff had been denied timely adequate medical care and treatment and was being permanently damaged;

32. that at approximately 10 am on March 19, 2012 plaintiff was taken to the Rikers Island Infirmary at the OBCC Facility for the initial intake interview by medical personal where plaintiff was told that they intended to fill the prescription issued by Long Island University Hospital; that at that time, plaintiff JOHN DOE # 2 did not do an independent evaluation of plaintiff and question plaintiff about his condition and that upon issuing the medication to plaintiff, plaintiff told JOHN DOE # 2 that one of the medications was not the correct medication and that he should call the United States Veteran Hospital to find out the correct medication because plaintiff maybe be allergic to it; that JOHN DOE # 2 showed depraved deliberate indifference to the medical needs of plaintiff; that plaintiff had preexisting prescribed medications from the United States veteran Hospital and that JOHN DOE # 2 had a professional duty to ascertain the correct medication and to find out if plaintiff was allergic to the medication being administered by defendants; that JOHN DOE # 2 committed malpractice and was negligent to plaintiff's medical needs; that plaintiff's medical needs are serious and plaintiff is required to take his drops (3) three times daily for the rest of his life and any interruption can cause permanent damage to plaintiff's eyes; that plaintiff's eyes have been damaged permanently from using the wrong prescribed medication issued by defendants; that it is well established that individuals entrusted to care for medical needs are responsible for exercising reasonable care and meeting established professional standards in doing their work; that JOHN DOE # 2 did commit medical malpractice in that JOHN DOE # 2 did not use the skill or professional judgment that is normal in the medical field in eye care; that Rikers Island Prison has no facility to test plaintiff eyes or perform the requisite eye exams that would have allowed them to administer adequate medical care and that upon hearing that the medication was incorrect should have been concerned if plaintiff was allergic to the medication of which plaintiff was; that the medication administered did cause plaintiff further pain, suffering, damage and future damage in that on or about February 4, 2013 plaintiff did pass out and had to be taken to Kings County Emergency Room for dizziness, blurred vision and difficulty

seeing; that JOHN DOE # 2  was negligent in that he deviated from accepted medical practice and did not ascertain if plaintiff was allergic to the prescribed medication which he was; that JOHN DOE # 2 did breach a duty of care and that the treatment administered proximately caused plaintiff pain, suffering, damage, future damage and emotional trauma; that JOHN DOE # 2 insisted that plaintiff take the incorrect medication even though plaintiff insisted that the medication was wrong causing further pain, suffering, damage, future damage and emotional trauma to plaintiff;

33. I Clive Campbell was forced, against my will, to take the wrong and dangerous medication form March 19, 2012 to March 24, 2012 causing permanent damage to my eyes for which plaintiff was forced to have surgery on both eyes to allow him to see;

34. the aforementioned occurrences took place while defendants were acting under the "color of state law" and in malicious, wanton, depraved deliberate indifference to plaintiffs medical needs and the standards set by the American Correctional Association and the American with Disabilities Act as plaintiff is a disabled veteran with late stage primary open angle glaucoma which have now gotten much worst requiring surgery and future surgery;

35. the aforementioned occurrence took place while defendants were acting under "color of state law" and negligible disregard in their acts/omissions and did breach a duty of care that any reasonable person would exercise under the circumstances and that the defendants did owe plaintiff a duty of care, that defendants breached that duty, that defendant's breach caused plaintiff harm, pain suffering, damage, future damage and emotional trauma;

36. the aforementioned occurrence and the resulting injury thereof were due to and caused by the joint, several and concurrent acts, omissions of the defendants, their agents, servants, employees and/or licensees in careless, malicious, wanton, depraved deliberate indifference and negligence in performing their professional duty to give adequate medical care to plaintiff;

37. because of the above, plaintiff Clive Campbell was caused to sustain aggravated injuries to both his eyes and continue to experience pain and suffering as well as emotional and mental anguish as plaintiff has permanent damage to his eyes and will experience future damage as well as emotional trauma; that on July 19, 2012 plaintiff underwent corrective eye surgery on both eyes and still continue to experience difficulties with both eyes;

38. this action falls within the rules set forth under 42 USC 1983, Title 11 of the American with Disabilities Act, 42 USC section 12131 in that plaintiff is a disabled veteran receiving disability for a preexisting condition and that defendants discriminated in its depraved deliberate indifference to plaintiffs condition and care, the New York State Constitution and the United States of America Constitution.


I Clive Campbell demand these defendants be held financially liable in the amount of $24,000,000.00 dollars, plus punitive damages in the amount of $1,000,000.00 dollars;

**WHEREFORE,** Plaintiff demands judgment against defendants, who caused him to be denied adequate medical attention and care thus aggravating is preexisting late stage glaucoma on the first cause of action in the amount of $24,000,000.00 dollars; Plaintiff demands judgment against defendants, who caused him to go 8 days without the proper eye drops for his preexisting glaucoma condition thus aggravating it on the second cause of action in the amount of $24,000,000.00 dollars; Plaintiff demands judgment against defendants for violating the American with Disabilities Act in that they discriminated against him as a disabled war veteran and failed to treat his disability: late stage open angle glaucoma on the third cause of action in the amount of $24,000,000.00 dollars plus punitive damages in the amount of $1,000,000.00 dollars.

**TOTAL DEMANDED IN THIS ACTION IS $25,000,000.00**

This together with the costs for disbursements for this action. I, Clive Campbell demand a **JURY TRIAL.**

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.**

DATED: BROOKLYN, NEW YORK

MARCH 6__, 2013

Clive Campbell (propar/persona)
23 Palm Court
Brooklyn, New York 11225
(718) 915-9290

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

Clive Campbell

                        Plaintiff(s)          Index No.: **12 CV 2179 (CBA) LB**


               -against-                      **AFFIRMATION OF SERVICE**



NEW YORK CITY,
POLICE OFFICER OMAR RACKOFF, 77th Precinct,
POLICE SERGEANT MICHAEL MALONE, 77th Precinct,
JOHN DOE # 1, Long Island University attending Physician,
JOHN DOE # 2, Rikers Island Prison attending physician,
JOHN DOE # 3, Rikers Island Correction Officer
                              Defendants,
--------------------------------------------------------x

## AFFIRMATION OF SERVICE


I, Clive Campbell declare under the penalty of perjury that I have served a copy of this
**LETTER,** with **PROPOSED AMENDED VERIFIED COMPLAINT attached** dated March ___,
2013 upon the Corporation Counsel for the City of New York attorney for defendant
whose address is 100 Church Street, New York, New York 10007 by depositing it in a
depository under the custody and control of the Post Master General in the county of
Kings in the State of New York.


            **I DECLARE UNNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

DATED: BROOKLYN, NEW YORK

        MARCH _6_, 2012

                                        Clive Campbell (propar persona)
                                              23 Palm Court
                                        Brooklyn, New York 11225
                                              (718) 915-9290