UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

CLIVE CAMPBELL,

                Plaintiff,

    - against -

NEW YORK CITY, POLICE OFFICER OMAR
RACKOFF, POLICE SERGEANT MICHAEL
MALONE, JOHN DOE #2, and OFFICER
GEOFFREY LEWIS,

                Defendants.

-------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12–CV–02179 (CBA) (VMS)

**AMON, Chief United States District Judge.**

On May 1, 2012, plaintiff Clive Campbell commenced this civil rights action against the

City of New York, the New York City Police Department ("NYPD"), the New York City

Department of Correction ("DOC"), LIU Long Island University Hospital, Police Officer Omar

Rackoff, Police Sergeant Michael Malone, and three John Doe defendants. Campbell brought

claims pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment, alleging that the defendants

were deliberately indifferent to his medical needs when he was arrested and thereafter detained

for several days by the NYPD and DOC. Campbell principally alleges that the defendants

deprived him of eye drops that he needed to take several times per day to treat his glaucoma, and

that he was wrongfully prescribed another type of eye drop notwithstanding his known allergy to

that medication. By order dated July 23, 2012, the Court dismissed, pursuant to 28 U.S.C.

§ 1915(e)(2)(B), all claims against the NYPD, DOC, LIU Long Island University Hospital, and

John Doe #1, who was alleged to be an attending physician at the hospital.

On March 7, 2013, Campbell, with the Court's permission, filed a second amended

complaint. The remaining defendants subsequently filed a motion to dismiss the second

1

amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court referred the matter to Magistrate Judge Vera M. Scanlon for report and recommendation. On January 27, 2014, Magistrate Judge Scanlon issued a Report and Recommendation (the "First R&R"), recommending that the Court (1) dismiss pursuant to Fed. R. Civ. P. 12(b)(6) Campbell's claims against Officer Rackoff, Sergeant Malone, and the City of New York, (2) dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) the claims against Officer Geoffrey Lewis, whom the City had previously identified as John Doe #3, (3) dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) all claims against John Doe #2, an unidentified Rikers Island attending physician, with the exception of claims against him regarding the alleged prescription of a medicine to which Campbell had a known and serious allergy, (4) construe Campbell's papers opposing the motion to dismiss as amending his second amended complaint to include claims of deliberate indifference against the police officers who escorted him to Long Island College Hospital and allegedly ignored a doctor's instructions to transport him to the VA Hospital (the "medical escort officers"), and (5) allow to go forward a claim against those medical escort officers for deliberate indifference to Campbell's medical needs.

No party filed objections to the First R&R. However, on February 18, 2014, Defendants filed a timely motion for reconsideration of the First R&R, asking Magistrate Judge Scanlon to reconsider that portion of the First R&R that recommended allowing the claims against John Doe #2 and the medical escort officers to proceed. Campbell opposed the motion, and, on May 7, 2014, Magistrate Judge Scanlon issued a Report and Recommendation (the "Second R&R") recommending that the Court deny Defendants' motion for reconsideration. No party objected to the Second R&R.

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted). No party has objected to either R&R in this case. The Court has reviewed the record and, finding no clear error, hereby adopts Magistrate Judge Scanlon's two R&Rs as the opinions of the Court. Accordingly, the Court recognizes Campbell's second amended complaint has having been amended to include claims against the medical escort officers, and grants the Defendants' motion to dismiss all claims with the exception of (1) claims of deliberate indifference to Campbell's medical needs brought against John Doe #2, insofar as those claims are based on his alleged prescription of a medication to which Campbell had a known and serious allergy, and (2) claims of deliberate indifference to Campbell's medical needs brought against the medical escort officers, insofar as those claims are premised on those officers' alleged failure to transport Campbell to the VA Hospital to receive medication in accordance with the instructions of the Long Island College Hospital doctors. Within ten days of this Order, the Defendants must identify John Doe #2 and the medical escort officers. See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997).

SO ORDERED.

Dated:      Brooklyn, New York
            August 22 , 2014

                                              s/Carol Bagley Amon

                                              Carol Bagley Amon
                                              Chief United States District Judge