UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
Clive Campbell,

                             Plaintiff,

        -against-

POLICE OFFICER WARREN RODNEY,
POLICE OFFICER TYRELL HARDOMAN,
POLICE OFFICER ANTHONY SCIORTINO,
DOCTOR MOHAMMED YAZDANIE,
                            Defendants.
----------------------------------------------------------x



Index: 12- cv- 2179 (CBA) (VMS)

**AMENDED COMPLAINT**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV - 6 2014 ★
3:27 PM
BROOKLYN OFFICE

I, Clive Campbell, a sovereign divine being – standing on my own behalf and asserting all constitutional/common law rights therein and complaining of the defendants alleges that the defendants, acting under "color of state law" did deny plaintiff adequate medical care for his pre-existing late stage open angel glaucoma disability causing irreversible damage.

The complained of acts, occurrences and omissions are in violation of the 8th Amendment: inflicting of cruel and unusual punishment and the 14th Amendment: due process of the law as guaranteed by the Constitution of the United States of America. These acts, occurrences and omissions, by these defendants, acting under the "color of state law", did deny plaintiff adequate medical care. Additionally, defendant **Police Officer Tyrell Hardoman, shield # 5523** and assigned to the 110th Prescient which is located at 94-41 43rd Avenue, Elmhurst, New York 11373; **Police Officer Warren Rodney** who is assigned to the 77th Prescient which is located at 127 Utica Avenue, Brooklyn, New York 11213; **Police Officer Anthony Sciortino, shield # 7376** and assigned to the 68th Prescient which is located at 333 65th Street, Brooklyn, New York 11220 were assigned as escort officers to plaintiff. According to Corporation Counsel Patrick Beath, there was only (3) three escort officers assigned that day. Plaintiff is of the belief that there

were four. If that is the case then (1) one of these officers was present on both occasions of plaintiff's transportation: one officer was present when plaintiff was transported to long Island University Hospital from Kings County Central Booking and then was also present when plaintiff was transported from Long Island University Hospital returning to Kings County Central Booking. There were always two officers with plaintiff at all times during these transactions. Additionally **Dr. Mohammed Yazdanie** whose address is 15 Hearthstone Drive, Dix Hills, New York 11746.

The defendant Police Officers and Doctor Mohammed Yazdanie were deliberately indifferent to the adequate medical care of plaintiff and did disobey, disregard and circumvent a medical order issued by the attending physician at Long Island University Hospital where plaintiff emergency primary care. The defendants were in breach of their duty to give plaintiff adequate and timely medical care as so ordered by the attending physician from Long Island University Hospital. The defendants did owe plaintiff a duty of care; defendants breeched that duty and did cause irreversible damage to plaintiff's eyes and plaintiff was cause to suffer pain and discomfort. Defendants entrusted with the medical care of plaintiff did not exercise reasonable care, showed deliberate indifference and failed to follow the order issued by the primary care physician at Long Island University Hospital whom ordered that plaintiff was to be transported to the United States Veteran Hospital to make sure his medication was correct and to full the prescription as such.

The Federal court has subject matter jurisdiction and these acts, occurrences and omissions occurred in th Eastern District of New York in Kings County and that I, Clive Campbell, file this action pursuant to 42 USC 1983; 14 th Amendment: due process guarantee; 8th Amendment: cruel and unusual punishment; New York State Constitution and the United States of America Constitution making the following complaint:

## AS AND FOR A FIRST CAUSE OF ACTION

1. I, Clive Campbell was denied adequate medical care by Police Officer Warren Rodney;

2. I, Clive Campbell was denied adequate medical care by Police Officer Tyrell Hardoman;

3. I, Clive Campbell was denied adequate medical care by Police Officer Anthony Sciortino;

4. I, Clive Campbell was denied adequate medical care by Doctor Mohammed Yazadanie;

5. That Police Officer Warren Rodney demonstrated depraved deliberate indifference to the medical needs of plaintiff when he failed to follow an order issued by the primary care physician from Long Island University Hospital Emergency Room;

6. That Police Officer Tyrell Hardoman demonstrated depraved deliberate indifference to the medical needs of plaintiff when he failed, acting in concert with Police Officer Warren Rodney and Police Officer Anthony Sciortino, to follow an order issued by the primary care physician from Long Island University Hospital Emergency Room;

7. That Police Officer Anthony Sciortino demonstrated depraved deliberate indifference to the medical needs of plaintiff when he failed, acting in concert with Police Officer Warren Rodney and Police Officer Tyrell Hardoman, to follow an order issued by the primary care physician from Long Island University Hospital Emergency Room;

## AS AND FOR A SECOND CAUSE OF ACTION

8. Plainitiff repeats and re-alleges each and every allegation set forth above in paragraphs numbered "1" through "7" with the same force and affect as if more fully set forth at length herein;

9. The aforementioned occurrences took place due to the willful, wanton and negligent acts and/or omissions of defendants and the employees, agents, servants and/or licensees of defendants, all of whom were acting within the scope of their authority and did cause plaintiff irreversible harm;

10. The acts complained of herein constitute depraved deliberate indifference, malpractice on the part of Doctor Mohammed Yazdanie, negligence in the medical care of plaintiff and causing plaintiff to suffer pain, discomfort, emotional trauma and irreversible damage to both his eyes;

1. That because of the above stated acts, occurrences and omissions plaintff was caused to suffer pain, discomfort and irreversible damage; that these damages and their effects are continuing and have cause plaintff trauma so that on February 4th 2013 plaintff passed out due to dizziness, headaches, blurred vision and difficulty seeing and had too be transported to Kings County Hospital Center for emergency care;

12. That on March 16, 2012 at the time of the arrest that resulted in these damages, plaintiff had the required prescribed drops with his name labeled on the dispenser with the doctor, hospital and usage information. That the defendants should have been aware of the medication prescribed to plaintiff and that the booking officersÐ should have the medication, that was removed from plaintiff's possession, available for medial personel review at Long Island University Hospital emergency room;

13. That plaintiff was transfered from the 77th Prescinct to Kings County Central Booking without being afforded any form of medical treatment;

14. That on March 18, 2012 after suffering in pain and discomfort for approximately 48 hours, plaintiff was transported to Long Island University Hospital by ambulance; that it had been 48 hours forty-eight hours without plaintiff receiving his mandated medical eye drops and damage to plaintiff's eyes were occurring with every missed administering of these prescribed mandatory drops; this causing plaintiff irreversible damage to both his eyes and a worsening of his glaucoma condition which culminated in on or about February 4, 2013 plaintiff passed out experienceing dizziness, blurred vision, reddening of both eyes and diffeculty seeing;

15. That Long Island University Hospital prescribed the wrong medication: a medication plaintiff had a previous allergic reaction to;

16. That the Long Island University Hospital attending physician is in malpractice and was negligent of his professional responsibility to assertain if plaintiff was being given the correct prescribed medication that he was prescribing; that he had a duty to make sure the prescribed medication was identicat to the medication prescribed by the United States Veteran Hospital where plaintiff was under medical care and treatment of his condition; that the attending physician at Long Island University Hospital committed

malpractice and was negligent by not consulting with the United States Veteran Hospital to ascertain if the medication, being prescribed, was accurate or if plaintiff was allergic to it; that Long Island University Hospital attending physician failed to administer any medication stating that the hospital did not have any drops in stock; ordering the defendant police officers to transfer plaintiff to the United States Vetern Hospital where he receives all his eye care and treatment and for verification and to fill the prescription; all this denying plaintiff adequate medical care and timely treatmen; all that plaintiff was given, at that time, was a prescription from Long Island University Hospital;

17. That Police Officer Warren Rodney was present during plaintiff's examination by the Long Island University Hospital attending physician; that Police Officer Warren Rodney agreed to the order issued by the physician to transport plaintiff to the United States Veteran Hospital; that Police Officer Warren Rodney agreed, at that time, to do so;

18. That Police Officer Warren Rodney told Police Officer Tyrell Hardoman and Police Officer Anthony Sciortino that the doctor ordered that plaintiff be transported to the United States Veteran Hospital in New York City for treatmen;

19. That all the assigned escort officers failed to follow the physicians order thus denying plaintiff adequate medical care and timely medical care and causing irreverible damage to plaintiff's eyes and causing plaintiff to experience extreme pain, suffering, discomfort, emotional trauma and irreverible damage to both eyes culminating in plaintiff passing out on or about February 4th, 2013 and had to be transported to Kings County Hospital Center for emergency care. Plaintiff, at that time, experienced dizziness, reddening of eyes, blurred vision and diffeculty seeing clearly;

20. That by ignoring and disregarding the physicians instruction and order, Police Officer Warren Rodney, Police Officer Tyrell Hardoman and Police Officer Anthony Sciortino were deliberately indifferent to the medical care of plaintiff and did cause plaintiff irreverible damage to his eyes; that from March 16, 2012 to March 18, 2012 plaintiff was denied his mandotory prescribed glaucoma drops and adequate medical care by defendants in a timely manner causing plaintiff irreversible damage to his eyes;

21. Prisoners in custody have 8th Amendment protection from cruel and unusual punishment in any form or shape through the 14tah Amendment due process clause; pre-tiral and/or pre-sentence inmates should have access to all necessary medical treatment including emergency, mental health, dental and eye care; courts have held tahat an adequate medial system will conduct an initial health screening of all inmates;

22. That by not following the Long Island University Hospital physician order to transport plaintiff to the United States Veteran Hospital demonstrated depraved deliberate indifference and was neglegent of their professionsl duty to provide plaintiff with adequate medical care;

23. That the omission by Police Officer Warren Rodney demonstrated deliberate indifference;

24. That the omission by Police Officer Tyrell Hardoman demonstrated deliberate indifference;

25. That the omission by Police Officer Anthony Sciortino demonstrated deliberate indifference;

26. That the defendants should have known the importance of plaintiff receiving his glaucoma drops in a timely fashion as defendants were aware of the doctors concerns and order to transport to the United States Veteran Hospital and defendants agreeing to do the same;

27. That all the defendants showed depraved deliberate indiffence to plaintff's pleas for medical care causing plaintiff to suffer pain, discomfort, reddening of eyes, blurred vision, emotional truama and irreverible damage to both eyes; this amounting to the infliction of cruel and unusual punishment by the defendants in violation of th 8th Amendment to the Constitution of the United States of America;

28. The the defendants should have known the importance of plainitff receiving his glaucoma drops n a timely fashion as plaintiff repeatedly told defendants that his conditon was dire and that by missing the drops it could cause him irreverible damage; still defendants showed depraved deliberate indifference to plaintiff's pleas for medical care and did not follow the physicians order to transport to the United States Veteran

Hospital thus causing plaintiff to suffer pain, discomfort, reddening of eyes. Blurred vision, dizziness, emotiona trauma and irreversible damage to both eyes;

## AS AND FOR A THIRD CAUSE OF ACTION

29. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraph "8" through "28" with the same force and affect as if more fully set forth at length herein;
30. The aforementioned occurreances took place due to the willful, wanton, malicious, depraved deliberate indiffence and negligent acts and/or omissions of all the Police Officers, acting in concert along with the employees, agents, servants and/or liscensee of the defendants and all of them who were within the scope of their authority and under the "color of state law";
31. That the acts complained of herein constitute wanton, malicious, depraved deliberate indifference and negligence in carrying out an order issued by the primary care physician from Long Island University Hospital that they should immediatley transport plaintiff to the United States Veteran Hospital which was a very short distance away in lower Manhattan;
32. That after being arrested on March 16, 2012 by officers in the 77th Prescinct, plaintiff was transported to the 77th Prescinct and that plaintiff was, at that time, on physician prescribed medication, which was in his possession clearly marked with identifying information;
33. Plaintiff has late stage open angle glaucoma which mandates eyes drops for the remainder of his life plus surgery; additionally, surgery is required if the medication fail to remain effective; these drops are to be mandatorily administered and failure to take these mandatory drops can cause irreversible damage;
34. The arresting officer Omar Rackoff, who was not allowed as a defendant in this action, but maybe liable in a subsequent action, removed these mandatory eye drops from

plaintiiff's possession having failed to making any police report or record of their existence;

35. Plaintiff was caused to be detained "6" six hours at the 77th Prescinct ansent any medical care whatsoever;

36. That defendant Police Officer Warren Roidney, Tyrell Hardoman and Anthony Sciortino demonstrated depraved deliberate indifference to the medical needs of plaintiff when they failed, acting in concert with each other, to follow the order issued by the primary care physician from Long Island University Hospital;

37. That in the past, plaintiff was allowed, by police personnel, to keep these same glaucoma drops in his possession and at times, these drops were brought to plaintiff to administer;

38. That since this instant action and the criminal matter that resulted in it, plaintiff has since been again falsely arrested in the 77th Precinct and at (1) one am in the morning, a detective brought plaintiff these same drops so that they could be administered; plaintiff was allowed to take all his drops which were then transferred with patient to Kings County Central Booking for medical personnel to review;

39. That the acts and/or omissions by defendants police officers were deliberate, malicious and caused plaintiff to suffer pain, discomfort, emotional trauma, and irreversible damage;

## AS AND FOR A FOURTH CAUSE OF ACTION

40. On March 18, 2012 at approximately 10 p.m. plaintiff was transferred from Kings County Central Booking to Rikers Island Prison at Otis Bantum Correctional Center (OBCC), and had still not been given any medication for his glaucoma condition and the escort officers had not taken plaintiff to the United States Veteran Hospital as so ordered by the attending physician at Long Island University Hospital; plaintiff had left from Long Island University Hospital at approximately 7 a.m. and had not been given any drops for

his condition and was in distress with extreme pain, discomfort, reddening of his eyes, dizziness and difficulty seeing, thus causing irreversible damage to his eyes;

41. In the intake room at Otis Bantum Correctional Center (OBCC), plaintiff was not seen by any medical personnel and was still not given any drops or transferred to the United States Veteran Hospital, even though plaintiff repeatedly complained of being in distress and his eyes were clearly worsening;

42. That when plaintiff enquired, with the intake officer at Otis Bantum Correctional Center (OBCC), plaintiff was told that no doctor was on duty and then was assigned to a housing unit without receiving any medical care and was told he would remain in the receiving room indefinitely if he continued to complain about his condition;

43. That plaintiff was then transferred to a housing unit without being given any treatment in the form of his mandatory glaucoma eye drops; that it had been days since plaintiff had taken his drops and plaintiff was made to suffer pain, discomfort, dizziness, difficulty sleeping, emotional trauma and irreversible damage to his eyes due to the deliberate indifference of the defendants individually, collectively and all of them;

44. Plaintiff was made to remain in pain and discomfort without being transferred to the United States Veteran Hospital where the a competent doctor had ordered that plaintiff be transferred and where plaintiff asked repeatedly for defendants to take him, even before being transferred to Long Island University Hospital;

45. That there was a lack of adequate and competent medical personnel on duty at Otis Bantum Correctional Center (OBCC) and that the lack of adequate staffing was in violation of the 8th Amendment which prohibits cruel and unusual punishment; that being placed in a housing unit, when plaintiff was in extreme distress with pain and discomfort was cruel and unusual punishment; also defendants violated the 14th Amendment right to the due process entitled to him; plaintiff should have been transferred to the United States Veteran Hospital or the Elmhurst Hospital Center which is close to Rikers Island because no medical personnel was on duty at the Otis Bantum Correctional Center (OBCC);

46. That because of these omissions, plaintiff was made to suffer extreme pain, extreme discomfort, dizziness, blurred vision, reddening of eyes, emotional trauma and irreversible damage to his eyes;

47. That it had now been for March 16, 2012 to March 19, 2012 that plaintiff had been denied adequate and timely medical care and that plaintiff was experiencing extreme pain, suffering and that plaintiff's eyes were enflamed burning red where it was apparent that irreversible damage was occurring to his eyes; that plaintiff had been denied timely and adequate medical care and irreversible damage was occurring to his eyes;

48. That at approximately 10 a.m. on March 19, 2012 plaintiff was taken to the Otis Bantum Correctional Center (OBCC) infirmary for the initial intake that was supposed to occur before plaintiff was allowed to go to a housing unit; at that time, plaintiff was told that it was the intention of Doctor Mohammed Yazdanie to fill the Long Island University attending physician's prescription but who refused to obey the order for plaintiff to be transported to the United States Veteran Hospital;

49. That at no time did Doctor Mohammed Yazdanie do an independent evaluation of plaintiff's signs and symptoms regarding his condition or did Doctor Mohammed Yazdanie question plaintiff about his condition as plaintiff is well versed in the proper treatment he required;

50. That upon seeing the medication, plaintiff recognized (1) one of the eye drops as being a drop plaintiff had a previous allergic reaction to and told Doctor Mohammed Yazdanie that it was not the correct medication and that he was allergic to it and that Doctor Mohammed Yazdanie should call the united States Veteran Hospital or have plaintiff transferred there per the order of the Long Island University Hospital attending physician;

51. That doctor Mohammed Yazdnaie had a professional responsibility, duty and he swore an oath to render adequate and correct medical care; Doctor Mohammed Yazdanie had a duty to ascertain if plaintiff was, in fact, allergic to the medication, which he did not;

52. That Doctor Mohammed Yazdanie was deliberately indifferent to the medical needs of plaintiff by giving him medication which plaintiff was definitely allergic to having had a previous allergic reaction and was taken off this medication by the United States Veteran Hospital; Doctor Mohammed Yazdanie told plaintiff: "just take it, I am not calling the Veteran Hospital." That Doctor Mohammed Yazdanie committed malpractice and was negligent in the performance of his professional duty as a care giver; that its well established that individuals entrusted to care for medical needs are responsible for exercising reasonable care and meeting established professional standards in doing their work; that Doctor Mohammed Yazdanie committed malpractice in that he did not use the skills or professional judgment that is normal in the medical field involving eye care; the Otis Bantum Correctional Center (OBCC) has no facilities to test plaintiff's eyes or perform the requisite eye examinations that would have allowed them to administer adequate medical care and that upon hearing that the medication was incorrect, Doctor Mohammed Yazdanie should have been concerned if plaintiff, was in fact, allergic to the medication prescribed which plaintiff was and is;

53. That the medication administered by Doctor Mohammed Yazdanie did cause plaintiff further pain, suffering, discomfort and irreversible damage;

54. That Doctor Mohammed Yazdanie was negligent in that he deviated from accepted medical practice and did not ascertain if plaintiff was allergic to the prescribed medication, this after the Long Island University Hospital attending physician had ordered that plaintiff be transported to the United States Veteran Hospital because plaintiff's medication was not positively identified;

55. Plaintiff was and is allergic to the medication he was forced to take by Doctor Mohammed Yazdanie; plaintiff had to take this medication having no other choice as his pain and suffering was unbearable and made plaintiff dizzy, confused and in extreme pain and discomfort;

56. That Doctor Mohammed Yazdanie did breach a duty of care and that the treatment administered proximately caused plaintiff pain, suffering, discomfort, emotional trauma and irreversible damage;

57. That Doctor Mohammed Yazdanie forced plaintiff to take the incorrect medication even though plaintiff insisted that the medication was wrong and that he is allergic to it; this causing plaintiff further pain, suffering, discomfort, emotional trauma and irreversible damage;

58. That Doctor Mohammed Yazdanie demonstrated depraved deliberate indifference to the medical needs of plaintiff, in that he failed to follow an order issued by the attending physician from Long Island University Hospital and did not do an independent examination which he was not qualified to do failing to ascertain the appropriate care required and if plaintiff had any allergies;

59. That Doctor Mohammed Yazdanie repeatedly ignored plaintiff's assertion that he is allergic to (1) one of the prescribed eye drops;

60. The aforementioned occurrences took place while defendants were acting under the "color of state law" and in malicious, wanton, depraved deliberate indifference to plaintiff's medical needs and that standards set by the American Correctional Association; plaintiff is a disabled veteran with open angled late stage glaucoma which defendants have caused to worsen with irreversible damage; plaintiff has had one eye surgery on both eyes to correct his vision and additional surgery may be required in the future;

61. The aforementioned occurrence took place while defendants were acting under "color of state law" and in negligible disregard in their acts, omissions and did breach a duty of care that was so ordered by a competent eye doctor from Long Island University Hospital; that defendants breach caused plaintiff pain, suffering, discomfort, emotional trauma and irreversible damage;

62. That the aforementioned occurrence and the resulting injury therefrom were due to and caused by the joint, several and concurrent acts and omissions of the defendants, their agents, servants, employees and/or licensees in careless, malicious, wanton, depraved deliberate indifference, malpractice and negligence of the defendants in performing their professional duty to give adequate and timely medical care to plaintiff;

63. Because of the above, plaintiff Clive Campbell was caused to sustain aggravated injuries to both his eyes, emotional trauma, pain, suffering, mental anguish and irreversible damage to both his eyes, but in particular the right eye;
64. That on July 19, 2012 plaintiff had corrective eye surgery, in the attempt to improve his vision in both eyes; plaintiff's denial of adequate medical care from March 16, 2012 to March 24, 2012 had a causal effect in plaintiff requiring surgery;
65. This action falls within the rules set forth under 42 USC 1983; the 8th Amendment and 14th Amendment to the constitution of the United States of America.

I, Clive Campbell demand that these defendants be held financially liable in the amount of $24,000,000.00 (twenty-four million dollars), plus punitive damage in the amount of $1,000,000.00 (one million dollars).

**WHEREFORE**, plaintiff demands judgment against defendants, who caused him to be denied adequate medical care and attention, thus aggravating his preexisting late stage open angle glaucoma in the first cause of action in the amount of $24,000,000.00 dollars; plaintiff demands judgment against defendants, who caused him to go (8) eight days without his prescribe mandatory eye drops for his preexisting late stage open angel glaucoma condition, thus causing irreversible damage on the second cause of action in the amount of $24,000,000.00 dollars; plaintiff demands judgment against defendants for failing to follow the Long Island University Hospital attending physicians order to transport plaintiff to the United States Veteran Hospital in lower Manhattan on the third cause of action in the amount of 424,000,000.00 dollars; plaintiff demands judgment against defendant doctor Mohammed Yazdanie for malpractice and negligence on the fourth cause of action in the amount of $24,000,000.00 dollars plus punitive damage in the amount of $1,000,000.00 dollars.

Total demand in this action is $25,000,000.00 (twenty-five million dollars); this together with the cost for reimbursement for this action. I Clive Campbell demand a **JURY TRIAL**.

**I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

DATED: BROOKLYN, NEW YORK

      NOVEMBER 4, 2014

 

_____

Clive Campbell (propari persona)
23 Palm court
Brooklyn, Neew York 11225
(718) 930-2134

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
Clive Campbell,

United States District
Eastern District of New York
------------------------------------------------------------x
Clive Campbell

                              Plaintiff,

Index: 12- cv- 2179 (CBA) (VMS)

**AFFIRMATION OF SERVICE**

    -against-

POLICE OFFICER WARREN RODNEY,
POLICE OFFICER TYRELL HARDOMAN,
POLICE OFFICER ANTHONY SCIORTINO,
DOCTOR MOHAMMED YAZDANIE,
                         Defendants.
------------------------------------------------------------x

    I, Clive Campbell, affirm under penalty of perjury that I am a party to this action and have knowledge of this action and that on November 4, 2014 I mailed a copy of **PLAINTIFF'S AMENDED COMPLAINT**, to the Corporation Counsel Patrick Beath, Assistant Corporation Counsel for The City of New York Law Department whose address is 100 Church Street New York, New York 10007, by placing it in a sealed envelope and depositing it in a postal depository under the custody and control of the Post Master General in the State of New York, Kings County.

DATED; BROOKLYN, NEW YORK
       NOVEMBER 4, 214

                                        Clive Campbell (propafi personam)
                                               23 Palm Court
                                          Brooklyn, New York 11225
                                                (718) 930-2134

Clive Campbell
23 Palm Court
Brooklyn, N.Y. 11225
(718) 930-2134

Pro-Se Office
Clerk of U.S. District Court
Eastern District of New York
Cadman Plaza East
Brooklyn, New York 11201





U.S. POSTAGE PAID
BRADDOCK, PA
NOV 04 '14
AMOUNT
$2.45
00093249-14